At the hearing before the Full Commission on 15 October 1997, four pages of Material Safety Data Sheets and a letter from Dr. Paul Siciliano were admitted into evidence over the objection of defendants' counsel.
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. Even taking into consideration the four pages of Material Safety Data Sheets and the letter from Dr. Paul Siciliano, the appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications in the Conclusion of Law.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times.
3. A Form 22 and wage documentation were received into evidence and marked as Stipulated Exhibit One and were used to determine an average weekly wage.
4. Plaintiff's medical records were stipulated into evidence and marked as Stipulated Exhibit Two. These records consist of five pages of documentation from Stephen Siciliano, MD, and 66 pages of medical documentation from Frye Regional Medical Center.
5. The issues before the undersigned are: (i) whether plaintiff is entitled to compensation for serious facial or head disfigurement? and, (ii) if so, what compensation, if any, is due plaintiff?
 *************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 45 years old and single. Plaintiff completed high school.
2. In early 1994, plaintiff began to work for defendant-employer in the bakery.
3. After approximately one year, plaintiff was to begin working for defendant-employer as a meat cutter in the ham processing unit. Plaintiff's responsibilities included removing the bone, cutting fat and trimming the hams. Plaintiff worked eight hours a day and earned $6.25 an hour.
4. In early 1996, plaintiff noticed a spot above his right eyebrow on his forehead. This spot was sensitive to light.
5. Plaintiff was being treated for an unrelated problem with his back by Dr. Mark J. Marchese. Dr. Marchese referred plaintiff to Stephen A. Siciliano, MD, for examination of what appeared to be a possible carcinoma on plaintiff's right forehead.
6. Dr. Siciliano determined that plaintiff had a basal cell carcinoma of the right forehead.
7. On 19 July 1996, Dr. Siciliano excised the basal cell carcinoma of the forehead and performed a full thickness skin graft.
8. Plaintiff contends that the carcinoma was a result of his exposure to sodium nitrate while employed by defendant-employer.
9. WSMP, Inc., complies with all regulations relating to chemicals and safety standards required by the State of North Carolina and the federal government in the processing of its products.
10. The basal cell carcinoma treated by Dr. Siciliano was most likely due to sun exposure. Dr. Siciliano could not state that any exposures which plaintiff may have had at work were a likely cause for the condition. Consequently, plaintiff did not prove that his skin cancer was causally related to his employment with defendant-employer. Therefore, any scarring or disfigurement resulting from the excision of the basal cell carcinoma was also not causally related to plaintiff's employment.
11. Plaintiff has had no difficulty obtaining further employment as a result of the basal cell carcinoma, nor has plaintiff's ability to adapt to future employment been diminished as a result of the basal cell carcinoma.
 **************
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Since plaintiff has failed to prove by the greater weight of the evidence that his basal cell carcinoma was a disease due to causes and conditions that are peculiar to his employment with defendant-employer, plaintiff's claim for compensation for scarring or disfigurement related to the excision fails. N.C. Gen. Stat. § 97-31(21); N.C. Gen. Stat. § 97-53(13).
 **************
Based upon findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
This is ___ day of March 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ MORGAN S. CHAPMAN DEPUTY COMMISSIONER
S/ ________________ KIM L. CRAMER DEPUTY COMMISSIONER
DCS/jlr